IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

**MICHAEL S. SMITH, JR.**                                                                               **PLAINTIFF**

v.                                          NO. 5:06CV00281 JLH

**C. GARRETT,** *et al.*.                                                                                **DEFENDANTS**

**OPINION AND ORDER**

  Michael S. Smith, Jr., an inmate at the Varner Unit of the Arkansas Department of Correction ("ADC"), filed this action pursuant to 42 U.S.C. § 1983 against three ADC employees, alleging false imprisonment and violations of his rights under the Interstate Agreement on Detainers and the Fourteenth Amendment. For the reasons discussed below, Smith's complaint is dismissed.

  Smith alleges in his complaint that he began serving a three-year sentence with the ADC in May 2006. The following month, while in ADC custody, he was served with a warrant for a parole violation from the Missouri Department of Correction ("MDC") and a detainer was placed on him. Smith asserts that on August 1 he was notified that he made parole. He then wrote to the MDC requesting that the detainer be dropped and that the time he was required to serve under Missouri law run concurrently with the time he served in Arkansas. The MDC informed Smith that it would not drop the detainer against him.

  Smith alleges that since then he has repeatedly requested information from the defendants regarding his release and the status of the Missouri detainer. According to Smith, he was informed that the detainer is still active and that any state with a detainer against him would be notified of his "impending release" so that it could obtain custody of him, but the ADC did not contact the MDC to inform the MDC of Smith's parole date. Smith seeks compensation for the time that he has remained in ADC custody since his alleged parole date and for working at the vegetable processing plant at Varner. His complaint does not seek injunctive relief or release from custody.

United States Magistrate Judge H. David Young reviewed Smith's complaint and submitted Proposed Findings and Recommendations. Document # 11. Judge Young determined that Smith is not entitled to compensation for either the time he has served or for the work he has performed while incarcerated and recommended that Smith's complaint be dismissed for failure to state a claim upon which relief may be granted. Smith now objects to Judge Young's findings and recommendations, alleging violation of the Interstate Agreement on Detainers, false imprisonment, and violation of the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

**1.     Due Process**

Judge Young determined that Smith's claim for compensation for the time he has been incarcerated since making parole should be dismissed pursuant to *Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994). If a state prisoner challenges the duration of his confinement and seeks immediate or speedier release, habeas corpus is his exclusive remedy.[1] *Id.* at 481, 114 S. Ct. at 2369. Where, as here, the prisoner seeks monetary damages for allegedly unconstitutional imprisonment, a claim under § 1983 is cognizable only if the prisoner's conviction or sentence has been reversed, expunged, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus. *Id.* at 486-87, 114 S. Ct. at 2372. Smith neither alleges nor offers any evidence that any of these conditions has been met.

Judge Young also found that Smith has no constitutionally protected right to compensation for his work at the vegetable processing plant at Varner. "There is no constitutional right to prison wages and any such compensation is by the grace of the state." *Hrbek v. Farrier*, 787 F.2d 414, 416

---

[1] A prisoner may not seek a writ of habeas corpus, however, without first exhausting all available remedies in state courts. 28 U.S.C. § 2254(b)(1)(A).

(8th Cir. 1986). Property interests are not created by the Constitution, but by independent sources such as state law. *Id.* Arkansas law provides that state inmates participating in private sector prison industry enhancement programs must be paid at least the minimum wage prescribed by state law, but inmates working in any other prison industries program are specifically exempted from this requirement. ARK. CODE ANN. § 12-30-502. Smith does not allege that the vegetable processing plant at Varner is a "private sector industry enhancement program." He points to no source of Arkansas law that entitles him to wages for working in the plant, and this Court could find none.

Smith's claim for damages for alleged violations of his constitutional rights pursuant to § 1983 is dismissed.

**2.      Interstate Agreement on Detainers**

Smith asserts that the defendants violated the Interstate Agreement on Detainers, which provides that when a detainer is lodged against a prisoner based upon an untried indictment, information, or complaint of another state, the prisoner, upon request, is entitled to trial on the untried charges within 180 days. ARK. CODE ANN. §16-95-101 Art. III(a). This statute does not apply, however, when the prisoner has been charged with a parole violation not involving the commission of a crime subsequent to his conviction on the charge underlying the original sentence. *See Padilla v. State*, 279 Ark. 100, 103-04, 648 S.W.2d 797, 798 (1983) (charge of probation violation not involving an allegation of the commission of a subsequent offense was not an "untried indictment, information, or complaint" within the scope of the Interstate Agreement on Detainers). Smith did not indicate in his pleadings what the parole violation involved, but he does not claim that it involved any subsequent crime. Because Smith has already been convicted or entered a guilty plea on the charge underlying the sentence for which he received parole in Missouri, there is no "untried charge" within the meaning of the statute. *See id.* Thus, even if this Court had jurisdiction over this

issue of state law, Smith is not entitled to relief under Arkansas law. This claim is therefore dismissed.

**3.     False Imprisonment**

False imprisonment is a tort under Arkansas state law. *E.g.*, *Guidry v. Harp's Food Stores, Inc.*, 66 Ark. App. 93, 987 S.W.2d 755 (1999). Because this claim does not arise under the United States Constitution or a federal statute, § 1983 provides no remedy. *See, e.g.*, *Collier v. City of Springdale*, 733 F.2d 1311, 1313 (8th Cir. 1984) (deprivation of a right secured by the Constitution or laws of the United States is essential element of § 1983 action).

When, as in this case, all of a plaintiff's federal claims have been dismissed, a federal district court may decline to exercise jurisdiction over any remaining state-law claims. 28 U.S.C. § 1367 (c)(3). The Court thus declines to exercise jurisdiction over Smith's false imprisonment claim, and this claim is dismissed.

## CONCLUSION

Smith's complaint is dismissed without prejudice for failure to state a claim upon which relief may be granted. This dismissal counts as a "strike" for purposes of 28 U.S.C. § 1915(g). The Court further certifies that an *in forma pauperis* appeal taken from the order and judgment dismissing this action be considered frivolous and not in good faith.

IT IS SO ORDERED this 21st day of December, 2006.

J. LEON HOLMES
UNITED STATES DISTRICT JUDGE